**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 11-364-PHX-PGR |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Clint Rogers, ) | |
| Defendant. ) | |

Before the Court is Defendant's motion to sever. (Doc. 62.) The Government filed a response in opposition. (Doc. 83.)

Defendant and his co-defendants are charged with conspiracy, wire fraud, and money laundering. Defendant contends that his trial must be severed pursuant to *Bruton* and because he and his co-defendants will offer antagonistic defenses. For the reasons set forth below, the motion will be denied.

## **DISCUSSION**

Rule 8 of the Federal Rules of Criminal Procedure allows joinder of offenses or parties in the same indictment when they are part of "the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Rule 14 permits a court to sever defendants' trials or provide any other relief that justice requires if the joinder appears to prejudice a defendant. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Severance should be granted, however, "only if there is a serious risk

that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Defendants "are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. Instead, "[t]o warrant severance, a defendant must demonstrate clear, manifest, or undue prejudice resulting from joinder." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988).

Federal courts have consistently expressed a preference for joint trials of defendants who have been indicted together. In *Richardson v. March*, 481 U.S. 200, 210 (1987), the Supreme Court explained that joint trials "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability" and "by avoiding the scandal and inequity of inconsistent verdicts." Therefore, the general rule is that "defendants jointly charged are to be jointly tried." *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir. 1990). Defendant's arguments here do not support an exception to that rule.

Defendant first contends that severance may be necessitated on Confrontation Clause grounds under *Bruton v. United States*, 391 U.S. 123 (1968). (Doc. 62 at 5–6.) *Bruton* "held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson*, 481 U.S. at 208.

The Government responds that its evidence will not consist of facially incriminating confessions of co-defendants; instead, "the bulk of the evidence at trial will be documents and witness testimony showing the fraudulent nature of the transactions." (Doc. 83 at 2.) The Government also contends that it will be possible to omit or redact any statements that violate *Bruton* by directly implicating Defendant. (*Id.* at 3.) The Court agrees that Defendant does not meet his burden of overcoming the strong presumption in favor of joinder by speculating that *Bruton* issues will arise during trial and that severance, as opposed to alternative

- 2 -

1  measures such as redaction or limiting instructions, is necessary to protect his Sixth
2  Amendment rights.

3  Defendant next cites the effect of antagonistic defenses as a source of prejudice
4  justifying severance. (Doc. 62 at 6.) "To warrant severance on the basis of antagonistic
5  defenses, codefendants must show that their defenses are irreconcilable and mutually
6  exclusive." *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001). Defenses are
7  mutually exclusive when "acquittal of one codefendant would necessarily call for the
8  conviction of the other." *Id.* (quoting *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir.
9  1991)). The Supreme Court has refused to impose a "bright line rule, mandating severance
10 whenever codefendants have conflicting defenses." *Zafiro*, 506 U.S. at 538. Mutually
11 antagonistic defenses are not prejudicial *per se*," and even if prejudice is shown, Rule 14
12 "leaves the tailoring of the relief to be granted, if any, to the district court's sound
13 discretion."*Id.* at 538–39.

14 Defendant argues that each of his co-defendants blames the others and, therefore, in
15 order to acquit them the jury must convict Defendant. (Doc. 63 at 6.) This scenario does not
16 warrant severance. In *Zafiro*, the Supreme Court held that the defendants were not entitled
17 to severance despite the fact that each co-defendant claimed to be innocent and accused the
18 other of the crime. 506 U.S. at 540; *see United States v. Throckmorton*, 87 F.3d 1069, 1072
19 (9th Cir. 1996) ("Antagonism between defenses or the desire of the defendant to exculpate
20 himself by inculpating a codefendant . . . is insufficient to require severance.").

21 Defendant's arguments concerning *Bruton* issues and antagonistic defense are
22 insufficient to overcome the presumption in favor of joinder.

23 Accordingly,
24 / / /
25 / / /
26 / / /
27 / / /
28

- 3 -

**IT IS HEREBY ORDERED denying** Defendant's motion to sever (Doc. 62).

DATED this 23rd day of June, 2011.

Paul G. Rosenblatt
United States District Judge